UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-24884-cv-KING

NAAM PRODUCE, INC.,

    Plaintiff,

vs.

LEONARD J. MASCARI,

    Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (DE 9). The Motion is fully briefed, and on June 4, 2015, this Court heard oral argument at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida. For the reasons that follow, Defendant's motion is denied.

### I. Background

Plaintiff Naam Produce Inc., a seller of produce, is suing Leonard Mascari[1] for damages, on the theory that he violated fiduciary duties imposed by the Perishable Agricultural Commodities Act ("PACA").[2] Mascari was the president and sole shareholder

---

[1] The parties voluntarily dismissed the other two named defendants (DE 8), leaving only Mascari.

[2] The Complaint alleges six causes of action: one for declaratory relief, two for breaches of fiduciary duty under PACA, and three state law claims including breach of fiduciary duty under Florida law.

1

of Coastal Brokerage Company of Southern California ("Coastal"),[3] and controlled its day-to-day operations.[4]

In January 2014, in a series of transactions, Naam Produce sold and delivered to Coastal more than $53,000 worth of honeydew melons and cantaloupes. Coastal accepted the produce but never paid for it. These sales of perishable agricultural commodities are governed by PACA, which transforms a buyer-seller relationship like that of the parties into a fiduciary relationship.

> The PACA creates a statutory trust for unpaid sellers of perishable agricultural commodities and provides that all such commodities, as well as accounts receivable from the sale of such commodities, "shall be held by ... [the] broker in trust for the benefit of all unpaid suppliers or sellers of such commodities ... until full payment ... has been received...."

*Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997) (alterations in original) (quoting 7 U.S.C. § 499e(c)(2)). "The trust automatically arises in favor of a produce seller upon delivery of produce." *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 156 (11th Cir. 1990). "[A]ny commission merchant, dealer, or broker" may be found liable under PACA for failure to maintain a statutory trust. 7 U.S.C. § 499e(a). PACA grants sellers of perishable agricultural commodities "the right to recover against the purchasers." *Gargiulo*, 131 F.3d at 999.

In this way Coastal's failure to pay can become a breach of fiduciary duty. However, Coastal is in bankruptcy in California, and "has no assets to satisfy its obligations to Plaintiff; Coastal has de facto dissipated the PACA trust." DE 1, at 6 ¶ 35. So Naam Produce seeks to

---

[3] Coastal has never been a defendant in this action. According to the pleadings, Coastal is in bankruptcy in California.

[4] The facts, drawn from the Complaint, are taken as true.

2

recover from Mascari, who was "in a position to control PACA trust assets," and may therefore be held personally liable under PACA for breaches of fiduciary duty committed when *he* failed to maintain the PACA trust.

Before this action proceeds on its merits, the Court must decide whether it may exercise personal jurisdiction over Mascari. He lives in Hawaii. He maintained his relationship with Naam Produce and the statutory trust from California.

## II. Mascari's (Potential) Liability

As a preliminary matter, the parties trade arguments over the "corporate veil" doctrine. The Court therefore addresses that doctrine's relevance to the instant motion.

The overwhelming weight of authority holds that corporate officers such as Mascari can be held personally liable under PACA for breaching statutorily imposed fiduciary duties. A seminal opinion from the Southern District of New York explains:

> **An individual who is in the position to control the [PACA] trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act. This legal framework is to be distinguished from the piercing the veil doctrine**, where the corporate form is disregarded because the individual has either committed a fraud, or because the corporation is a "shell" being used by the individual shareholders to advance their own purely personal rather than corporate ends.

*Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346, 348 (S.D.N.Y. 1993) (emphasis added). It is "immaterial" whether a defendant such as Mascari "never dealt as an individual . . . but only in corporate form, as he would be liable either way." *Id.; compare Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) ("under Florida law, this corporate shield doctrine is inapplicable where the corporate officer commits intentional torts") *with Allerton v. Dep't of Ins.*, 635 So. 2d 36, 39 (Fla. 1st DCA

1994) ("conclud[ing] that the corporate shield doctrine is inapplicable" where the defendant was "alleged to have committed . . . the intentional torts of . . . breach of fiduciary duty . . . ."). The parties do not cite controlling authority reflecting the above principles, but courts within the Eleventh Circuit have recognized them. *See, e.g., Frio Ice, S.A. v. SunFruit, Inc.*, 724 F. Supp. 1373, 1381–82 (S.D. Fla. 1989) (Ryskamp, J.), *rev'd on other grounds*, 918 F.2d 154 (11th Cir. 1990); *Gulf Coast Produce, Inc. v. Am. Growers, Inc.*, No. 07-80633, 2010 WL 1410558, at *6 (S.D. Fla. Mar. 31, 2010) (Marra, J.).

It should be clear, then, that to assume the truth of the allegations in the Complaint is to conclude that Naam Produce can state a cause of action against Mascari, at least for personally breaching statutorily imposed fiduciary duties.[5] The issue nevertheless remains as to whether this Court may exercise personal jurisdiction over him so that his potential liability may be adjudicated in this forum.

### III. Personal Jurisdiction Over Mascari

"We consider two questions in resolving personal jurisdiction: (1) whether personal jurisdiction exists over the nonresident defendant [Mascari] under Florida's long-arm statute, and (2) if so, whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. *Louis Vuitton*, 736 F.3d at 1350.

#### A. "Tortious Act" Jurisdiction Under Florida's Long-Arm Statute

Florida's long-arm statute reaches individuals who "commit[] a tortious act within this state." Fla. Stat. § 48.193(1)(a)2. "[T]he Eleventh Circuit, in the absence of binding Florida Supreme Court precedent, has interpreted the long-arm statute to mean that a

---

[5] Mascari did not attack the sufficiency of the Complaint under Federal Rule of Civil Procedure 12(b)(6).

4

defendant who commits a tort outside of Florida that causes an injury within Florida is subject to personal jurisdiction." *Stateline Power Corp. v. Kremer*, 404 F. Supp. 2d 1373, 1378 (11th Cir. 2005).[6]

Taking the Complaint as true, Coastal was a PACA trustee of Naam Produce, its Florida beneficiary. *See Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir. 1997) ("Ordinary principles of trust law apply to trusts created under PACA"). As Coastal's president and sole shareholder, who conducted Coastal's day-to-day operations, Mascari was "in a position to control" the PACA trust assets. Therefore, Mascari also had a statutorily imposed fiduciary relationship with Naam Produce. *See Morris Okun*, 814 F. Supp. at 348.

It was Mascari who communicated directly with Naam Produce regarding the unpaid invoices at issue in this case, who acknowledged Coastal's obligation to pay, who told Naam Produce that Coastal "had invested the proceeds of the Plaintiff's produce in other ongoing produce deals" rather than promptly pay, who asked Naam Produce to forego legal action because payment would be forthcoming, and who depleted the trust assets, rendering Coastal unable to satisfy Naam Produce's invoices.[7] In other words, Mascari personally owed fiduciary duties to Naam Produce, a Florida entity. He breached those fiduciary duties (committed a tortious act) outside of Florida, causing harm to Naam Produce within Florida.

---

[6] The Florida Supreme Court, without endorsing or rejecting the Eleventh Circuit's interpretation of Florida's long-arm statute, has recognized it as a "broad construction" *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201, 1206 n.6 (Fla. 2010).

[7] In a challenge to personal jurisdiction, a plaintiff's allegations lose the presumption of truth only to the extent they are controverted by a defendant's affidavits. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). Here, Mascari's affidavit does not contradict the allegations relating to his communications. Rather, Mascari acknowledges the communications, albeit stating that "in each instance the communication was done by me in a representative capacity on behalf of Coastal as its President and sole shareholder." DE 9-1, at 2 ¶ 7.

*See Stateline Power*, 404 F. Supp. 2d at 1378 (concluding that "any injury suffered by" a Florida corporation with its principal place of business in Florida "will be suffered in Florida"). Under the Eleventh Circuit's interpretation of Florida's long-arm statute, Naam Produce has established a prima facie case of personal jurisdiction over Mascari.

### B. Due Process Considerations

"Even though a Defendant may fall within the jurisdiction contemplated by Florida's long-arm statute, this Court must still make a determination of whether exercising jurisdiction comports with Constitutional due process considerations." *Id.*

> In specific personal jurisdiction cases, we apply the three-part due process test, which examines: (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013).

#### 1. "Arising out of" or Relatedness

The first requirement is easily satisfied. As detailed in subsection A, above, Naam Produce's well-pled allegations show many of Mascari's contacts with Florida, all of which relate specifically to the transactions at issue in this case, and which Mascari acknowledges in his affidavit.

#### 2. Purposeful Availment

Second, Mascari "had the minimum contacts with Florida required by due process to be subject to jurisdiction in Florida." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1220 (11th Cir. 1999); *Cable/Home Commc'n*, 902 F.2d at 857 ("The nonresident defendant's establishing 'minimum contacts' in the forum state remains the 'constitutional touchstone'")

6

(quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). As president and sole shareholder of Coastal, Mascari purposefully availed himself of the privilege of conducting activities within Florida. He executed Coastal's purchases of Florida produce, personally acquired control over the PACA trust assets, and personally maintained them for the benefit of Naam Produce. He did so not only through transactions related to this cause of action. According to the unrefuted affidavit of Larry Puma, Coastal purchased more than five million dollars' worth of melons and cantaloupes from Florida over more than two decades. Therefore, Mascari's contacts with this forum are such that he should reasonably anticipate being haled into court here. *See Posner*, 178 F.3d at 1220; *see also Cable/Home Commc'n*, 902 F.2d at 858. ("physical presence by the nonresident defendant is not necessary for personal jurisdiction in the forum state.").

### 3. Fair Play and Substantial Justice

Finally, the Court decides whether exercising personal jurisdiction over Mascari comports with traditional notions of fair play and substantial justice. "In this analysis, we consider these factors: (1) 'the burden on the defendant'; (2) 'the forum's interest in adjudicating the dispute'; (3) 'the plaintiff's interest in obtaining convenient and effective relief'; and (4) 'the judicial system's interest in resolving the dispute.'" *Louis Vuitton*, 736 F.3d at 1358.

As for the first factor, Mascari protests that he has "very few financial resources." He swears that he has collected early social security benefits and that his mother paid his attorney's retainer (and borrowed against her retirement savings to do so). He also protests that because he lives in Hawaii, travel to and from Florida would be burdensome and expensive. The Court concludes that Mascari's affidavit is unpersuasive as "evidence of his

finances or any other limitations on him to show that he would be burdened by having to litigate the case in Florida." *Id.* Furthermore, Naam Produce has submitted unrefuted evidence that Mascari owns substantial assets. *See* DE 12-3. Therefore, the Court concludes that the burdens placed on Mascari by litigating this action in Florida are not so burdensome as to offend traditional notions of fair play and substantial justice.

Second, the Court concludes that this forum has a strong interest in adjudicating this dispute. It has a strong interest in protecting Florida's resident sellers of produce from harms caused by foreign PACA trustees—who see fit to purchase produce from Florida sellers in an expedient manner under the robust auspices of PACA, and who then squander the PACA trust assets, leaving the Florida sellers' invoices to rot.

Third, the Court concludes that Naam Produce has a strong interest in obtaining convenient and effective relief—particularly in this context of transactions governed by PACA, which is designed to promote convenience, efficiency, and security in transactions involving perishable agricultural goods. It is only right that Naam Produce should enjoy the same convenience and efficiency in seeking redress for harms allegedly caused by a foreign PACA trustee.

Finally, the Court concludes that the judicial system has a strong interest in resolving this bona fide dispute. Exercising personal jurisdiction over Mascari will not offend traditional notions of fair play and substantial justice.

## IV. Conclusion

At oral argument, counsel for Mascari forewarned of dire consequences should this Court exercise personal jurisdiction over Mascari. It would mean, he said, that a seller of produce who sells a mere bushel of produce to anyone, anywhere in the country—so long as

that transaction is governed by PACA—will be able to hale that buyer into his home state to sue him if he doesn't pay. Perhaps buyers of produce are right to be concerned about such prospects, where PACA imposes trust relationships upon them with each delivery. But today the Court decides no such question. To exercise personal jurisdiction over Mascari is to do so on the particular facts and allegations—and due process considerations—of this case.

Therefore, it is **ORDERED, ADJUDGED, and DECREED**:

1. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction **(DE 9)** be, and the same is, hereby **DENIED**.

2. Defendant shall answer Plaintiff's Complaint within **15 days** of the date of this Order.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 26th day of June, 2015.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record